993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Martha Theophelia SAMUELS, a/k/a Cole, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-2484.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 27, 1993
Decided: May 20, 1993
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A28-926-090)
 Laurence F. Johnson, Ronald D. Richey, L. Johnson & Associates, P.C., Wheaton, Maryland, for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, David J. Kline, David V. Bernal, Office of Immigration Litigation, Washington, D.C., for Respondent.
 I.N.S.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Martha Theophelia Samuels appeals from a decision of the Board of Immigration Appeals ("BIA") affirming the deportation order of the Immigration Judge ("IJ"). We affirm.
 
 I.
 
 2
 Samuels was found deportable by the IJ for remaining in the United States for a longer time than permitted after admission as a nonimmigrant. See 8 U.S.C. § 1251(a)(2) (1988). Samuels claims that when she was questioned after being arrested, she was not permitted to use the telephone, not told of her right to counsel, and not informed of her right to remain silent, in violation of the Fifth Amendment and 8 C.F.R. §§ 242.2(c)(2), -287.3 (1992). Samuels also claims that her statement admitting the violation was coerced by the psychological and physical intimidation of the Immigration and Naturalization Service ("INS") agents who interrogated her. Based on these claims, Samuels asserts that the BIA erroneously found that her statement admitting the violation should not be suppressed. Additionally, Samuels asserts that, without the coerced statement, the evidence is not sufficient to support the deportation order. We disagree.
 
 II.
 
 3
 We reject Samuels' arguments that her confession should have been suppressed because of alleged Fifth Amendment violations. The Supreme Court has made clear that the exclusionary rule does not apply in civil deportation cases, absent "egregious' constitutional violations. See INS v. Lopex-Mendoza, 468 U.S. 1032, 1049-50 (1984). We perceive no egregious violations here.*
 
 III.
 
 4
 We also reject Samuel's claim that her confession should be suppressed because the INS did not follow agency regulations. We note that the record shows that Samuels signed Form 263-C, which fully informed her of her right to counsel and her right to remain silent. Based on Samuels' understanding of English and the plain language of Form 263-C, Samuels was informed of her rights as required by the regulation.
 
 
 5
 Moreover, even if we were of the opinion that the INS did not follow its regulations, we would find that the other evidence, including non-immigration computer records and the fact that Samuels remained in the United States without explanation, amply supported deportation.
 
 IV.
 
 6
 Therefore, we affirm the BIA's decision upholding the order of deportation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Although Samuels's allegations, if true, would demonstrate egregious behavior, the IJ and BIA found that Samuels's account was questionable. Furthermore, the IJ and BIA found that the testimony of the government's witness, Special Service Agent Coppage, was credible. Because this finding is supported by substantial evidence, we refuse to reverse it. See Figirou v. INS, 886 F.2d 76, 78 (4th Cir. 1989)